United States District Court
Southern District of Texas

**ENTERED**

January 20, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAYRA ALEJANDRA ZAMBRANO §
NAVARRETE, A# 240-840-900 §
§
     Petitioner, §
§
VS. § CIVIL ACTION NO. 4:25-6278
§
WARDEN RANDALL TATE, Montgomery §
Processing Center, *et al.* §
§
     Respondents.

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Mayra Alejandra Zambrano Navarrete is detained in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center. Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

The petitioner states that she is a native and citizen of Colombia; that she entered the United States in 2022 and was released on her own recognizance; that her application for political asylum was denied in 2024 and her appeal from the denial remains pending; and that ICE officials took her into custody and detained her on December 23, 2025, when she appeared at ICE offices for a supervision appointment. She claims that her detention is unlawful and seeks immediate release or a bond hearing under 8 U.S.C. § 1226(a), among other relief.

On January 6, 2026, the Court entered an order for an expedited answer (Dkt. 4). The Court also entered an order to show cause (Dkt. 8) why the petitioner should not immediately be released from custody or, in the alternative, be granted a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days.  The federal respondents filed a response and motion to dismiss or, in the alternative, for summary judgment (Dkt. 10).

The respondents oppose habeas relief and argue that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because she is an "alien seeking admission" who is "not clearly and beyond a doubt entitled to be admitted" (*id.* at 4).  They state that she is subject to a final order of removal, but the order is on appeal and thus not administratively final (*id.* at 2).  They argue that a bond hearing is not available to the petitioner based on the text of 8 U.S.C. § 1225(b) and the BIA's ruling in in *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025) (*id.* at 1-2).   They also assert that the petitioner has not exhausted administrative remedies because she has not requested a bond hearing.

The petitioner filed a reply (Dkt. 11) arguing that she is entitled to injunctive relief as a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).   She also disputes the respondents' interpretation of 8 U.S.C. § 1225(b).

Having considered the parties' briefing and all matters of record, the Court determines that the petitioner, who had resided in the United States for over three years when detained, is not subject to mandatory detention under 8 U.S.C. § 1225(b).  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Behnam*

*Goorakani v. Lyons*, No. 25-CV-9456 2025 WL 3632896 (S.D.N.Y. Dec. 15, 2025); *Cruz Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *2 (S.D. Tex. Oct. 7, 2025).   The Court further determines that the exhaustion doctrine does not bar judicial review.[1]   The Court does not rely on *Maldonado Bautista* for this ruling.

The Court therefore **ORDERS** that the petitioner's petition for habeas relief (Dkt. 1) is **GRANTED**.   The respondents are **ORDERED** to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with all attendant burdens of proof, within seven days of the date of this order.   In the alternative, if the respondents do not provide the petitioner with a bond hearing within seven days, the respondents are ordered to release the petitioner from custody by the end of the seventh day.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ January 20 _____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1]   *See Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) ("Unlike 28 U.S.C. § 2254, Section 2241's text does not require exhaustion"); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (exhaustion is not required where a petitioner raises a claim that agency would clearly reject); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025) (exhaustion is not statutorily required and was excused given that available remedies provided no genuine opportunity for adequate relief and the petitioner raised a substantial constitutional question); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (exhaustion was not statutorily required under the circumstances and the issue of statutory interpretation belongs in the province of the courts).